IN THE MATTER OF THE APPEAL OF SARAH C. NUCKOLS
FROM THE ALLOWANCE OF THE FINAL ACCOUNT
OF CHARLES E. SAMSON, ADMINISTRATOR
OF THE ESTATE OF CECILIA A.
UNDERHILL, DECEASED.

*Executors and administrators—Compensation—Claims against estate.*

1. A charge by an administrator of $5 per day for 9 days, for time and expenses, and on some occasions for the use of a horse and buggy, in looking after the estate, which consisted principally of real property situated some miles from his residence, is not an immoderate charge, it appearing that the services charged for covered a period of over ten months.

2. The allowance to an administrator of $150 as a gross sum, without a particular specification of the items, for time and services, covering a period of over three years, in obtaining possession of real estate, collecting rents, renting farms, etc., is not without precedent, a similar charge having been allowed in *Loomis v. Armstrong,* 63 Mich. 355; and in *Wisner v. Mabley Estate,* 70 Mich. 271, although the propriety of specific charges is mentioned, an allowance in gross was made, based upon the testimony.

3. Where the trial court finds as a fact that a claim against the estate of a deceased person was duly allowed by the commissioners on claims, it will be presumed that he also found that the claim was properly presented.

Error to Washtenaw. (Kinne, J.) Submitted on briefs. October 24, 1894. Decided December 22, 1894.

Appeal from the allowance of the final account of an administrator. Sarah C. Nuckols, one of the heirs of the deceased, brings error. Affirmed. The facts are stated in the opinion.

*Barkworth & Blair,* for appellant.

*Charles R. Whitman,* for the administrator.

HOOKER, J. The questions raised by this record involve the reasonableness of certain charges for time spent in the management and settlement of an estate, consisting principally of real property situated some miles from the residence of the administrator. The items objected to consist of *per diem* charges for time spent, including the use of horse and vehicle, amounting to $45, a charge of $150 for time and services in getting possession of real estate, collecting rents, renting farms, etc., and a charge of $279.15 allowed by commissioners. These items were allowed by the probate judge, whose action was approved by the circuit judge; and, so far as the first two are concerned, we see no reason to disagree with them. Five dollars a day for time and team for the limited number of days during the period covered by these services does not seem immoderate.[1] The items of expenditure forming a part of the account show that the affairs of the estate were a matter of everyday consideration, for which no other specific charge was

[1] The period covered by these items extended from May 5, 1890, to March 10, 1891, both days inclusive, and they embraced charges for time spent at time of appointment as special and general administrator; securing notices to creditors to present claims; posting said notices; trips to see a mortgagor, who was holding over after foreclosure; and two trips to Detroit to attend a suit against the mortgagor,—making in all 9 days.

made. The evidence shows the nature of the services, and we think the charges are sufficiently specific.

The allowance of $150 as a gross sum, without particular specification of the items, is not without precedent. Such a charge was allowed in *Loomis v. Armstrong,* 63 Mich. 355; and in the case of *Wisner v. Mabley Estate,* 70 Mich. 271, cited by counsel, although the propriety of specific charges is mentioned, this Court made an allowance in gross based upon the testimony.

The item of $279.15 is attacked upon two grounds:

1. It is said to be invalid as an allowance by the commissioners, because it was not seasonably presented, and because no sworn testimony was offered before the commissioners in support of it.

2. It contained an item of $150 for a horse, which died while the appellee was on a trip for the intestate, previous to her death.

The circuit judge found that this item ($279.15) was duly allowed by the commissioners. It appears from the report of the commissioners, dated April 10, 1891, that an account was allowed amounting to $279.15. The same report shows that public notice was given that the commissioners would meet for the purpose of receiving, examining, and allowing claims on September 26 and December 26, 1890, and that they did so meet, etc. The commissioners took the oath August 30, 1890. Upon the trial at the circuit, counsel questioned the validity of the allowance, contending that the evidence showed that the claim could not have been presented upon either day set for the presentation of claims. The appellee testified that he presented it between the dates mentioned for the presentation of claims. Two copies of the account appear in the record, and appellant's contention seems to be based upon the fact that one of them (which she claims that the appellee testified was the one presented) has at the head the following: "Ypsilanti, January, 1891." It has, however, a

verification dated March 5, 1890. The other copy is dated 3-29-1890, and is indorsed on back: "Acct. C. E. Samson as allowed by commissioners." From these papers and the testimony of the appellee, the trial court found the fact that the claim was duly allowed by the commissioners. We must infer that he found that the claim was properly presented and allowed.

Upon the other point it is enough to say that the claim for the horse was one of which the commissioners had jurisdiction. The circuit judge appears to have been satisfied that the claim was not a fraudulent one, and that the allowance was not collusive.

Again, the statement that there was no evidence before the commissioners is not borne out by the record. The only testimony upon the subject that our attention is called to is that of the appellee, and he states that he does not remember whether any one was sworn or not in his behalf. Consent to this allowance by two of the heirs was filed with the commissioners. Unless we are to infer, from the fact that the appellee says he does not remember that any testimony was taken, that no evidence was given in support of the claim, we must say with the circuit court that the subject was settled by the commissioners. He testified that it was possible that he was sworn, but he did not remember.

The order of the circuit court will be affirmed.

The other Justices concurred.